UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON BUJAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3434 |
| | § | |
| ESSEX INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Jon Bujan's motion to remand. Dkt. 8. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED, and this case should be REMANDED.

### I. BACKGROUND

This is an insurance dispute in which the insured, Jon Bujan, seeks damages from his insurer, Essex Insurance Company ("Essex"), the underwriter, Markel Corp. ("Markel"), and the insurance agent, Carl Ohlendorf D/B/A Rucker-Ohlendorf Insurance ("Ohlendorf"). Dkt. 2-1. Bujan purchased an insurance policy through Ohlendorf from Essex to cover his property in Flatonia, Texas. *Id.* at 2. In June 2014, the property collapsed during a storm. *Id.* at 3. Essex denied Bujan's claim for property damage, and Bujan filed suit in the 155th District Court of Fayette County, Texas. *Id.* Essex removed the case to this court claiming diversity jurisdiction. Dkt. 1. Bujan now moves to remand the case, arguing that complete diversity is lacking because Ohlendorf is a citizen of Texas. Dkt. 8. In response, Essex argues that Ohlendorf was improperly joined in order to defeat diversity. Dkt. 10.

## II. LEGAL STANDARD

To establish diversity jurisdiction, there must be complete diversity among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. If a plaintiff names a non-diverse party, the case may still be removed if the defendant was improperly joined. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). To show that a defendant was named "improperly," the defendants must demonstrate plaintiff's inability to plead a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). In the course of this analysis, the court does not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court must find at least a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Thus, if there is a reasonable basis for recovery against the in-state defendant, he was properly joined regardless of the effect that joinder has on the removability of plaintiff's case.

The court may resolve the question of whether the plaintiff has a reasonable basis for recovery in one of two ways. The *Smallwood* court endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. But the court acknowledged that in some cases discrete facts will be missing from the plaintiff's pleading. *Id.* In these cases, the court may pierce the pleadings and conduct a summary-judgment type inquiry. *Id.*

## III. ANALYSIS

Essex and Markel contend that Ohlendorf was improperly joined because Ohlendorf was not responsible for the denial of Bujan's claim and because Bujan did not assert that Ohlendorf misrepresented the coverage being provided. Dkt. 10 at 1. Bujan responds that Ohlendorf did

misrepresent the policy coverage by visiting the property and indicating that the policy would pay for a replacement structure if the building collapsed. Dkt. 8 at 7. Bujan's state court petition does not delineate between which acts were attributable to Ohlendorf and which ones were attributable to Essex. Dkt. 2-1. Because the original petition is unclear regarding the specific allegations against Ohlendorf, a summary-judgment type inquiry is appropriate. Considering the record as a whole, the court finds that Bujan has shown a reasonable possibility of recovery against Ohlendorf. Bujan has submitted evidence that Ohlendorf visited the property, examined the building, knew of the property's condition, and assured Bujan that the building would be covered in the event of a loss. *See* Dkt. 8-1 at 29-39. There is also evidence that Bujan's claim was denied because of the condition of the building. *See* Dkt. 32-4. Though the evidence does not guarantee success in a claim against Ohlendorf, it is enough to defeat Essex's claim of improper joinder.[1] There is not complete diversity in this case , and it must be remanded to the state court.

### IV. CONCLUSION

Because there is not complete diversity of the parties, this court does not have jurisdiction to hear this case. Plaintiff's motion for remand (Dkt. 8) is GRANTED, and this case is REMANDED to the 155th District Court of Fayette County, Texas.

Signed at Houston, Texas on April 22, 2015.

_____
Gray H. Miller
United States District Judge

---

[1] Bujan filed a second amended complaint in this court which more clearly lays out the allegations as they relate to Ohlendorf and the other defendants. Essex correctly points out that a post-removal amendment cannot divest the court of diversity jurisdiction. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The court has considered only the state court petition and other documentary evidence in the record in disposing of this motion.